IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>E. SMITH, et al.,<br><br>　　　　Defendants. | No. C 11-03186 EJD (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

Plaintiff, an inmate currently incarcerated at the Pelican Bay State Prison ("PBSP"), in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal with Leave to Amend
03186Harrison_dwlta.wpd

1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff presents several claims arising from separate incidents that occurred since 2008 to current: (1) Plaintiff has been retaliated against by Defendant Officer E. Smith for exercising his First Amendment right to file grievances during August and September 2008, (Compl. Attach. at 1); (2) Plaintiff is being denied his First Amendment rights by the PBSP Housing Unit D3 Staff who are enforcing a "'no yelling/screaming' from pod to pod policy," (id. at 8); (3) the enforcement of the aforementioned policy violates Plaintiff's right to due process because the policy notice fails to give "'fair notice' of the penological justification" for the policy, (id. at 12-13); (4) Defendants Nurse K. Vail and Dr. Claire Williams acted with deliberate indifference to Plaintiff's serious medical needs when they denied him assistance in applying skin medication to his back in July 2010, (id. at 18-19) ; (5) Defendants Officer J. Silveria and Captain K. Brandon violated Plaintiff's First Amendment right to receive mail in July 2009 when they interfered with his incoming mail, (id. at 19); and (6) Defendant R. Grave retaliated against Plaintiff for exercising his "First Amendment right to file lawsuits in the court" in October 2010, (id. at 22-23).

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).

Order of Dismissal with Leave to Amend
03186Harrison_dwlta.wpd

2

On its face, Plaintiff's complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants. The only claims that are related are claims 2 and 3, which attack the lawfulness of a prison policy and involve the same defendants, *i.e.*, Unit D3 Staff. But these two claims are wholly unrelated to and arise out of separate transactions from the other claims. Furthermore, claims 1, 4, 5 and 6 are each based on unrelated and isolated events involving different defendants. Lastly, there is no question of law or fact that is common to all defendants in this action: for example, Plaintiff's claim of deliberate indifference against Defendants Vail and Williams has nothing in common with Plaintiff's First Amendment right to receive mail claim against Defendants Silveria and Brandon.

For the foregoing reasons, Plaintiff's complaint is DISMISSED with LEAVE TO AMEND to file a complaint that complies with Rule 20 as discussed above.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The amended complaint must include the caption and civil case number used in this order (11-03186 EJD (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

1 Claims and defendants not included in the First Amended Complaint will not be
2 considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
3      Plaintiff is advised that he may only allege claims in a single action that (a) arise
4 out of the same transaction, occurrence, or series of transactions or occurrences and (b)
5 present questions of law or fact common to all defendants named therein. See Fed. R.
6 Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against
7 unrelated Defendants. He also must either pay the $ 350.00 filing fee, or file a completed
8 court- approved in forma pauperis application, for each separately-filed action. See 28
9 U.S.C. § 1915.
10 **Failure to file a proper amended complaint in the time provided will result in**
11 **the dismissal of this action without further notice to Plaintiff.**
12     2.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must
13 keep the Court informed of any change of address by filing a separate paper with the clerk
14 headed "Notice of Change of Address." He must comply with the Court's orders in a
15 timely fashion or ask for an extension of time to do so. Failure to comply may result in
16 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

18 DATED: November 21, 2011

                                              EDWARD J. DAVILA
19                                               United States District Judge

Order of Dismissal with Leave to Amend
03186Harrison_dwlta.wpd             4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

        Plaintiff,

  v.

E. SMITH, et al.,

        Defendants.

Case Number: CV11-03186 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/23/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus L. Harrison H-54077
Pelican Bay State Prison
P.O.Box 7500
Crescent City, CA 95531

Dated: 11/23/2011

                                      Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk