UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>          Plaintiff,<br><br>     v.<br><br>E. SMITH, et al.,<br><br>          Defendants. | Case No.  11-cv-03186-JST (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANT E. SMITH** |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights action under 42 U.S.C. § 1983, against prison officials at Pelican Bay State Prison ("PBSP").  On April 5, 2013, the Court found that Plaintiff stated a cognizable claim of retaliation against Defendants E. Smith and R. Graves and issued an order of service.  (Docket No. 19.)

R. Graves was served and has appeared.  The Marshal filed a "Process Receipt and Return" form indicating that an attempt to serve E. Smith at PBSP was unsuccessful.  (Docket No. 29.)  According to the Litigation Office at PBSP, more information is needed to identify this defendant.  (Id.)  Accordingly, Defendant E. Smith has not been served.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and

1  attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828
2  F.2d 1107, 1110 (5th Cir. 1987).

3  Plaintiff's complaint has been pending for 120 days, and it is therefore subject to dismissal without prejudice absent a showing of "good cause" if the parties have not been served. See Fed. R. Civ. P. 4(m); see also Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).  Accordingly, **within thirty (30) days of the date this order is filed,** plaintiff must either himself effect service on Defendant E. Smith, or submit to the Court sufficient information to identify and locate Defendant E. Smith such that the Marshal is able to effect service upon him.  **If Plaintiff fails to do so, his claim against Defendant E. Smith will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED**.

Dated:  July 3, 2013

_____
JON S. TIGAR
United States District Judge